

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0297-08

**JOHNNY RAY OCON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### ECTOR COUNTY

**JOHNSON, J., filed a concurring opinion.**

### C O N C U R R I N G   O P I N I O N

I concur in the judgment of the Court. Article 36.22 of the Code of Criminal Procedure states that "[n]o person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court." The bone of contention is what "about the case" means. The half of the conversation that was overheard by defense counsel certainly evidenced the juror's frustration with being required to perform one of his duties as a citizen: "They've got me on this damn jury. I don't know why the hell they picked me." The juror clearly did not like the subject

matter of the case: "I would rather be on a double ax murderer th[a]n this damn case. It's dirty, disgusting." And he could be seen as biased against the defendant: "No, unless we convict the bastard today, then I'm kind of stuck here." But I do not believe that the content of that half of the conversation is properly called conversing "about the case on trial."

As the Court's opinion notes, the primary goal of Article 36.22 is to insulate jurors from outside influence. *Chambliss v. State*, 647 S.W.2d 257, 266 (Tex. Crim. App. 1983). Based on the content of the known half of the conversation at issue and its apparent brevity, we may assume that "Brenda" had little, if anything, to say "about the case," which was described to her, by inference, only as not being a double ax-murder. Nor, realistically, could she have done so. The juror did not name the defendant, state the offense alleged, name the court in which the case was being tried, or reveal anything about the testimony presented. These are not the circumstances that the legislature wanted to prevent. Mere whining about personal inconvenience does not constitute conversing "about the case." Because I conclude that there was no violation of Article 36.22, I concur only in the judgment of the Court.


Filed: June 3, 2009
Publish